```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| GREGORY FENNER, | : | CIVIL ACTION |
| | : | NO. 06-3074 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social | : | |
| Security, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

**AND NOW**, this **9th** day of **October 2007**, it is hereby **ORDERED** that:

  1.   The Report and Recommendation is **APPROVED** and **ADOPTED**[1];

---

[1] Plaintiff raises three objections to Magistrate Judge Rapoport's Report and Recommendation ("Report"). First, Plaintiff argues that the Report errs in not recognizing that the Administrative Law Judge ("ALJ") disregarded Dr. Kasturirangan's opinion that Plaintiff is "markedly impaired" in areas of functionality without providing a reason for disregarding this opinion. Pl.'s Objections to Magistrate Judge's Report & Recommendation 1 ("Pl.'s Obj.") (doc. no. 15). More generally, Plaintiff objects to what he characterizes as the ALJ's reliance on a single treatment note of Dr. Kasturirangan's, which discusses Plaintiff's positive response to medication. Pl.'s Obj. 9. Plaintiff argues that the ALJ relied inappropriately on only this one note without considering Dr. Kasturirangan's assessment of Plaintiff's impairment and without discussing the remainder of the record. Id. However, the ALJ concluded that Dr. Kasturirangan's indication, made by checking off a box, that Plaintiff is "markedly impaired" in certain areas is inconsistent with Dr. Kasturirangan's more extensive written comments. Report 11-12. Thus, the ALJ placed greater weight on Dr. Kasturirangan's written comments than on the checklist form completed by the doctor. Moreover, the ALJ did not rely on only one treatment note. The ALJ's decision discusses not only medical opinions from Dr. Kasturirangan and Dr. Patel, but also analyzes Plaintiff's own testimony about his daily activities and capabilities. See Administrative Record 17-20.
  Plaintiff further objects to the Report's reliance on

1

      2.    The Plaintiff's Motion for Summary Judgment is **DENIED**;

      3.    The Defendant's Motion for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

                                      s/Eduardo C. Robreno
                                  **EDUARDO C. ROBRENO, J.**

---

evidence that was not specifically discussed by the ALJ.  Pl.'s Obj. 8.  However, again, this objection does not warrant rejecting the Report.  "[T]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." Fargnoli v. Massanari, 247 F.3d 34, 44 n.7 (3d Cir. 2001) (internal quotations omitted).  It is true that the Report references the opinions of two doctors who are not mentioned by name in the ALJ's decision.  This reference is appropriate because the ALJ cites "the treatment notes" in her decision; this category of evidence contains the notes from Dr. Stolar and Dr. Wilson, the doctors cited by the Report but unnamed by the ALJ.  Moreover, even putting aside the opinions of these two doctors, Plaintiff's testimony regarding his ability to do simple tasks, Dr. Kasturirangan's written evaluation of Plaintiff's status and Dr. Patel's similar written evaluation provide the substantial evidence necessary to support the ALJ's decision; all of this evidence was specifically analyzed by the ALJ.

     Finally, Plaintiff objects to the use of other doctors' reports to contradict Dr. Kasturirangan's description of Plaintiff as markedly limited in certain areas. Pl.'s Obj. 9. Plaintiff argues that, because Dr. Kasturirangan conducted a function-by-function analysis of Plaintiff's abilities, that analysis cannot be contradicted by the opinions of other doctors who did not address each function individually. Id. However, the ALJ placed little weight on Dr. Kasturirangan's assessment of functionality, not only because it is inconsistent with the other medical evidence, but also because it is inconsistent with Dr. Kasturirangan's own written opinion. Admin. Record 20.  Thus, Dr. Kasturirangan's functionality assessment was discredited regardless of whether other doctors provided a function-by-function assessment of Plaintiff's abilities.